FILED
COURT OF APPEALS
DIVISION II

2014 APR 22 AM 11: 57

STATE OF WASHINGTON
BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44441-1-II |
| Respondent, | |
| v. | |
| WILLIE LEE JOYNER, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, C.J. — Willie Joyner appeals the conditions on his suspended sentence for two counts of fourth degree assault, arguing that the record did not support the trial court's finding that he had the ability to pay a $1,500 legal financial obligation. Because Joyner did not object to this finding at sentencing, this court should not consider this issue. We affirm.

## FACTS

Following Joyner's conviction for two counts of fourth degree assault,[1] the trial court imposed legal financial obligations (LFOs) on Joyner for victims' compensation,[2] court costs, and appointed counsel costs. The conditions on suspended sentence states:

---

[1] RCW 9A.36.041.

[2] RCW 7.68.035(1)(a).

[Joyner] will pay the following amounts . . . .

$1,500 Attorney fees as reimbursement for a portion of the expense of [Joyner's] court appointed counsel provided by the Pierce County Department of Assigned Counsel. The court finds that [Joyner] is able to pay said fee without undue financial hardship.

Clerk's Papers at 100. Joyner did not object to this finding at sentencing.

## ANALYSIS

Joyner argues that the record does not support the trial court's finding that he had the ability to pay the $1,500 LFO. Joyner concedes that he did not object to this finding at sentencing, but argues that he may raise it for the first time on appeal because it is a challenge to his sentence. The State argues that Joyner's failure to object to the finding should lead this court to refuse to review Joyner's appeal under RAP 2.5(a). We decline to decide this issue under RAP 2.5(a) which states that we may decline to review any claim of error that was not raised at the trial court level.[3]

In *State v. Blazina*, a defendant challenged a trial court's boilerplate finding that he had the ability to pay LFOs, arguing that the evidence before the trial court did not support its finding. 174 Wn. App. 906, 911, 301 P.3d 492, *review granted*, 178 Wn.2d 1010 (2013). We declined to reach the merits of Blazina's argument, because he did not object at sentencing.[4] *Blazina*, 174 Wn. App. at 911; *see also, State v. Snapp*, 119 Wn. App. 614, 626 n.8, 82 P.3d 252

---

[3] Joyner challenges the finding as if the trial court found that Joyner had the ability to pay all the LFOs. But the trial court found only that he had the ability to pay the $1,500 attorney fees LFO. Joyner's appeal is limited to challenging that finding.

[4] This court addressed a trial court's finding that a disabled defendant had the ability to pay LFOs in *State v. Bertrand*, despite Bertrand's failure to raise the issue as required by RAP 2.5(a). 165 Wn. App. 393, 404, 267 P.3d 511 (2011). But "that rule does not compel [this court] to do so in every case." *Blazina*, 174 Wn. App. at 911.

No. 44441-1-II

(2004) (declining to consider the defendant's argument challenging the trial court's finding that he had the ability to pay LFOs in part because he failed to raise the issue below).

Here, Joyner likewise did not object at sentencing to the trial court's finding that he was able to pay the LFO without undue financial hardship. Accordingly, we decline to reach the merits of Joyner's argument on this issue.

Affirmed.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, C.J.

Hunt, J.

Melnick, J.

3